UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LISA KAY MEYERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-CV-81 ACL |
| | ) |
| CHRIS MCBEE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner=s application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

On October 6, 2010, petitioner pled guilty to each of seven (7) counts of C felony stealing in the Circuit Court of Marion County, Missouri. *See State v. Meyers*, No. 10MR-CR00017-01 (10th Judicial Circuit, Marion County Court). On November 1, 2010, petitioner was sentenced to serve terms of three (3) years' imprisonment on each of the seven (7) counts in the Missouri Department of Corrections, with said sentences to run consecutively to each other, and concurrently to a seven-year (7) sentence petitioner received in the Circuit Court of Pike County on October 12, 2010. *See State v. Meyers*, No. 10PI-CR00030-01 (45th Judicial Circuit, Pike County Court).

1

Petitioner did not file a direct appeal of her Marion County sentence; however, on April 25, 2011, she filed a motion to vacate her sentence pursuant to Mo.Sup.Ct.R.24.035 asserting ineffective assistance of trial counsel for failing to present evidence of petitioner's mental health history at her sentencing hearing. Petitioner's request for relief was denied on September 25, 2012. *See Meyers v. State*, No. 11MR-CV00546 (10th Judicial Circuit, Marion County Court).

Petitioner appealed the denial of the motion to vacate to the Missouri Court of Appeals, but her request was denied on September 3, 2013. *See Meyers v. State*, No. ED99141 (Mo.Ct.App.). The Court has no record that petitioner filed a prior habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court.

Petitioner recently filed, on February 9, 2017, a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91, in Livingston County Court, Missouri. She asserted in her petition that she was entitled to relief from her conviction and sentence and should promptly be released from custody as a result of a 2016 Missouri Supreme Court case, *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Petitioner's Rule 91 petition was denied on October 6, 2017. *See Meyers v. Boyles*, No. 17LV-CC00022 (43rd Circuit, Livingston Circuit Court).

## Discussion

Petitioner appears to argue that her conviction and sentence for felony stealing were unlawful and constituted a manifest injustice pursuant to *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc), which was decided by the Missouri Supreme Court on September 20, 2016.

In *Bazell*, the appellant was convicted of various stealing offenses under Mo.Rev.Stat. § 570.030, including two convictions for stealing firearms. *Id.* at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court

2

concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses. *Id.* at 267. The court avoided deciding any constitutional issues.

There can be no doubt that petitioner is over three years late in filing her § 2254 in this Court. Her post-conviction appeal was denied on September 3, 2013, and petitioner had roughly a year from that time to file her federal writ of habeas corpus in this Court under 28 U.S.C. § 2244(d)(1)(A). However, petitioner argues that *Bazell* should apply in her case to somehow restart the statute of limitations. Petitioner is incorrect in her analysis.

As set forth in the recent Missouri Supreme Court case of *Fite v. Johnson*, ---S.W.3rd---, 2017 WL 4930368, *1-2 (Mo. banc),

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer*, SC96159, ⸺ S.W.3d ⸺, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* **applies prospectively only, except in those cases pending on direct appeal. (emphasis added)**

In light of the aforementioned, the Court does not see a reason to apply a retroactivity analysis to § 2244(d). Thus, it appears that petitioner has filed her application for habeas corpus relief more than three years after her state court conviction became final.

3

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).[1]

Accordingly,

**IT IS HEREBY ORDERED** petitioner's request to proceed in forma pauperis is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel [Doc. #3] is **DENIED** at this time.

Dated this  28th  day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Therefore, the Court will deny her request for counsel at this time.