UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LISA KAY MEYERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-CV-81 ACL |
| | ) |
| CHRIS MCBEE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that her arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

On October 6, 2010, petitioner pled guilty to each of seven (7) counts of C felony stealing in the Circuit Court of Marion County, Missouri. *See State v. Meyers*, No. 10MR-CR00017-01 (10th Judicial Circuit, Marion County Court). On November 1, 2010, petitioner was sentenced to serve terms of three (3) years' imprisonment on each of the seven (7) counts in the Missouri Department of Corrections, with said sentences to run consecutively to each other, and concurrently to a seven-year (7) sentence petitioner received in the Circuit Court of Pike County on October 12, 2010. *See State v. Meyers*, No. 10PI-CR00030-01 (45th Judicial Circuit, Pike County Court).

---

[1] On November 28, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

Petitioner did not file a direct appeal of her Marion County sentence; however, on April 25, 2011, she filed a motion to vacate her sentence pursuant to Mo.Sup.Ct.R.24.035 asserting ineffective assistance of trial counsel for failing to present evidence of petitioner's mental health history at her sentencing hearing. Petitioner's request for relief was denied on September 25, 2012. *See Meyers v. State*, No. 11MR-CV00546 (10th Judicial Circuit, Marion County Court).

Petitioner appealed the denial of the motion to vacate to the Missouri Court of Appeals, but her request was denied on September 3, 2013. *See Meyers v. State*, No. ED99141 (Mo.Ct.App.). The mandate issued on September 25, 2013. *Id.*

On September 22, 2016, petitioner filed a second motion to vacate pursuant to Mo.Sup.Ct.R.24.035, asserting that she was entitled to relief from her conviction and sentence and should promptly be released from custody as a result of a 2016 Missouri Supreme Court case, *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). *See Meyers v. State*, 16MR-CV01094 (10th Circuit Court, Marion County Court). Petitioner voluntarily dismissed her motion to vacate on November 29, 2017. *Id.*

Petitioner filed, on February 9, 2017, a petition for writ of habeas corpus, pursuant to Mo.Sup.Ct.R.91, in Livingston County Court, Missouri. She once again asserted in her petition that she was entitled to relief from her conviction and sentence as a result of *Bazell*, 497 S.W.3d at 263. Petitioner's Rule 91 petition was denied on October 6, 2017. *See Meyers v. Boyles*, No. 17LV-CC00022 (43rd Circuit, Livingston Circuit Court).

Petitioner filed her federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on November 6, 2017.

**Discussion**

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date her judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, petitioner did not file a direct appeal of her conviction, her conviction became final ten days after the judgment was entered on November 1, 2010. *See* Mo. R. Civ. P. § 81.04(a).

The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from April 25, 2011, through September 25, 2013, the date the mandate was issued. *See Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

There can be no doubt that petitioner is **over three years late** in filing her § 2254 in this Court. The mandate issued in her post-conviction appeal on September 25, 2013, and petitioner had roughly a year from that time to file her federal writ of habeas corpus in this Court under 28 U.S.C. § 2244(d)(1)(A). Thus, her petition for writ of habeas corpus was due to this Court **no later than September 25, 2014**. Petitioner did not file her application for writ of habeas corpus in this Court until November 6, 2017. Thus, petitioner failed to file her habeas corpus within the proper time period.

In order to assert the timeliness of her petition, she argues that her conviction and sentence for felony stealing were unlawful and constituted a manifest injustice pursuant to *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), which was decided by the Missouri Supreme Court on September 20, 2016. She appears to argue that the holding in *Bazell*, restarted her statute of limitations on the date it was decided, on September 20, 2016. Petitioner is incorrect.

In *Bazell*, the appellant was convicted of various stealing offenses under Mo.Rev.Stat.

3

§ 570.030, including two convictions for stealing firearms. *Id.* at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses. *Id.* at 267. It is telling that the Missouri Supreme Court avoided deciding any constitutional issues in *Bazell*.

As set forth in the recent Missouri Supreme Court case of *Fite v. Johnson*, ---S.W.3rd ---, 2017 WL 4930368, *1-2 (Mo. banc),

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer*, SC96159, ⎯⎯ S.W.3d ⎯⎯, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* **applies prospectively only, except in those cases pending on direct appeal. (emphasis added)**

In light of the aforementioned, the Court does not see a reason to apply a retroactivity analysis to § 2244(d). Thus, as noted above, petitioner has filed her application for habeas corpus relief **more than three years after her state court conviction became final.**

Perhaps recognizing that the holding in *Bazell* fails to provide her with a timely petition, petitioner argues that she should be given the benefit of equitable tolling in this action. Petitioner asserts that "there were circumstances that stood in the way and prevented timely filing." She claims that such circumstances included mental health impairments and certain physical illnesses.

4

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010).

However much the Court is sympathetic to petitioner's frustration, equitable tolling of § 2244(d) cannot be based on conclusory statements that physical and cognitive issues prevented filing of **one brief over a three-year period.** Petitioner has presented no tangible evidence that her physical or mental health issues were sufficiently extraordinary to prevent her from pursuing her habeas corpus in this Court. In fact, petitioner has indicated that she has dealt with mental health issues as far back as her original criminal proceedings in 2010, and she has managed to file a multitude of pro se briefs in several different courts since that time, as evidenced by the filings mentioned above. Thus, petitioner's conclusory statement in her response brief that she "suffered from mental health issues" sometime within the last three years cannot, by itself, provide a basis for equitable tolling in this instance.

The analysis is similar for petitioner's statement that she suffered physical illnesses within the past three years. As noted above, petitioner's brief was due to this Court no later than September 25, 2014. The Court notes that although petitioner stated in her response brief that she had a surgery that required blood transfusion in December 2013, as well as a stroke, or "brain bleed," in May 2015, she has not presented any medical evidence **showing that she was**

**incapacitated for the entire three-year period** during which she should have been diligently pursuing her rights to habeas corpus. Additionally, petitioner has not shown that she was incapacitated during this entire three-year period such that she could not have asked the Court for an extension of time to file her brief, or even indicated exactly how long she might have been purportedly suffering for, such that she would be entitled to equitable tolling.[2]

There are times, without doubt, that physical illnesses or injuries allow for equitable tolling. However, in such cases, petitioners need to show tangible documentation that they have, in fact, suffered from a medical illness and indicate that they have not sat on their rights.

Petitioner has failed to provide the Court with medical documentation as to when the alleged events occurred and how long she was incapacitated for, such that she was unable to pursue filing of her habeas action in this Court. Thus, the Court cannot find that petitioner is entitled to equitable tolling based on a finding of a physical illness.[3]

---

[2] Petitioner's conclusory assertion that she had a heart attack outside the statute of limitations period in May of 2015 is not helpful in this instance.

[3] Even if petitioner were able to show that she was entitled to the benefit of equitable tolling, she would not be able to prevail on her substantive claims for habeas corpus review. Petitioner's claims under *Bazell* fail to state a legally cognizable claim as outlined above. Further, petitioner's claims relating to her assigned counsel's later bad acts are not only procedurally barred but also negated by her acknowledgement at her plea hearing that she was satisfied with her counsel's performance. Last, petitioner's contention that her counsel was ineffective for failing to call a mental health professional prior to sentencing is negated by her decision to enter a guilty plea in her criminal action so that she would not be charged as a prior and persistent offender, or receive more than fifteen years on each of the seven charges of stealing. To the extent petitioner is asserting that her counsel should have had a mental health professional present testimony at the sentencing hearing as a "mitigating effect" on the sentencing, this is a slightly different proposition than set forth in petitioner's habeas motion. Her trial counsel testified at the post-conviction evidentiary hearing that he considered hiring a psychologist to testify at the sentencing, but petitioner's criminal history and the breadth of her seven pending charges made it "pointless" to do so. Petitioner had been previously convicted of five counts of fraudulent use of a credit card and two counts of forgery. While on probation for these offenses, petitioner was convicted of six counts of stealing. Counsel testified that she consulted with a licensed psychologist before deciding not to call the psychologist at the hearing. Counsel's decision was reasonable under the

Based upon the aforementioned, petitioner's habeas corpus will be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 30th day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

circumstances, and petitioner has failed to show that she would have received a lower sentence with the use of a mental health expert's testimony at sentencing. Additionally, when petitioner's mental health expert testified at the post-conviction hearing, Dr. Scott indicated that petitioner was criminally responsible for the crimes and knew the difference between right and wrong at the time of the offenses.